By the Court.—Curtis, J.
Two grounds are stated by the defendant as the reasons on which the dismissal proceeded. First, that the plaintiff failed to prove any cause of action. What is indicated in the statement of facts as proved at the trial, is a sufficient answer to a motion to dismiss on that ground. As the case shows that the court granted ‘the motion to dismiss, “without prejudice to the right of the plaintiff to bring another action at law” it may be inferred, and it was by the defendant secondly claimed, that it *325 was dismissed, because the evidence failed to show that the plaintiff was entitled to equitable relief, and that the defendant had been entitled to a trial by jury.
Though something is stated on the plaintiff’s points, in reference to the repayment of this money being dependent upon the vicissitudes of trade, and that the defendant did not agree to return the money at all events, nothing appears in the pleadings or evidence, showing that the contract with the defendant was otherwise than that he should repay the principal sum and interest on demand. If the case showed that the plaintiff’ s right to a repayment depended upon what might be disclosed upon an accounting as to the profits of the business conducted by the defendant, that would be a proper subject for the exercise of an equitable jurisdiction.
As the case appears, the plaintiff has a clear right to recover upon a money demand, and the defendant was entitled, under the State constitution, to a trial by jury, provided he had not waived it. But he proceeded with the trial without objection, which is clearly a waiver of his right. If he did not intend to waive it, he should before proceeding with the trial have demanded a jury, and objected on this ground.
It is too late to take the objection, when the trial has been proceeded with, and he has omitted to object, or to call the attention of the court to his claim to a jury trial (Greason v. Keteltas, 17 N. Y., 498; McKeon v. See, 51 N. Y. 301).
But if the defendant had duly shown his right to a jury trial, it would have been a good reason for a direction by the court that the action should be transferred to the calendar for jury trials, or struck off from the calendar upon which it had been irregularly placed, but not a sufficient reason that the complaint should be dismissed ; or the court could have disposed of it as a common law action, conforming the pleadings *326 to the facts proved, when such amendment “ does not change substantially the claim or defense” (Code, § 173).
Either of these courses was open to the court, and would have been more in accordance with the practice in such cases, than a dismissal of the complaint.
A new trial is granted, so that the case may go back to be tried, with costs to -appellant to abide the event.
Monell, Ch. J., and Speer, J., concurred.